UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

RAYNA FILLIOS                                         CIVIL ACTION

v.                                                    NO. 19-45

HARAHAN POLICE DEPARTMENT,
TIM WALKER, MICHAEL DOW,                              SECTION "F"
And HARAHAN CITY


ORDER AND REASONS

Before the Court is the plaintiff's motion for
reconsideration of the Court's March 7, 2019 Order, in which the
Court granted the defendants' motion to dismiss as unopposed and
dismissed the plaintiff's claims without prejudice.  For the
reasons that follow, the motion is GRANTED, only insofar as the
plaintiff requests reconsideration; the plaintiff is to file an
amended complaint in the above-captioned matter within 7 days,
after which the defendants are to file a motion to dismiss to
challenge the allegations of the amended complaint.

**Background**

This civil rights lawsuit arises from Rayna Fillios's charge
that members of the Harahan Police Department falsely arrested her
and released a salacious press report containing factually
inaccurate information concerning her arrest.

On the evening of January 6, 2018, Ms. Fillios was at her
home in Harahan, Louisiana with her boyfriend, Anthony Kennedy,
when she called Mark Marks and requested that he deliver food to

her residence. According to Ms. Fillios, Marks was "an acquaintance" who she had met a few weeks earlier in his capacity as an Uber driver. When Marks arrived at her residence, Fillios contends, she answered the door while clad in leggings and a sports bra. She then took the food from Marks, who turned and proceeded to return to his vehicle.

Ms. Fillios further alleges that Kennedy became enraged upon noticing the exchange. Loudly voicing his suspicions concerning her infidelity and accusing Marks of molestation, Kennedy charged after Marks and punched him in the face. And when Marks retreated to the inside of his vehicle, Kennedy began to bang on the window while brandishing a knife. Fearing for his life, Marks drove away and called 911.

That same evening, Marks met with Officer Michael Dow and other members of the Harahan Police Department to discuss the incident. According to Ms. Fillios, Marks described "a drunken, violent assault . . . by Kennedy and attributed none of what happened as being the responsibility of Fillios." Nonetheless, Fillios contends, the officers traveled to her residence and arrested her for being a principal to an attempted armed robbery. She was then transported to the Jefferson Parish Correctional Center, where she was incarcerated for approximately 61 days before she was able to meet her bond.

To support Fillios's arrest, Officer Dow obtained a victim statement from Mark Marks, after which he prepared an incident report and a probable cause affidavit. The Victim Statement of Mark Marks, dated January 7, 2018 at 12:33 a.m., and ostensibly signed by Mark Marks,[1] provides:

> Rayana Fillios call and [sic] to get her something to eat. Brought waffle house. She opens door and come in. She was not wearing a shirt. When ~~you~~ I was leaving she grab me gave a hug and kiss. And bite my tongue. Turned to walked out the guy runs out and punch me in the face. The guy told you were to molest her. I said no just brought her food. Ran to my car lock doors and the guy runs to driver door and started smacking my window. He had a knife in his right hand. White handle with 8 inch blade. The guy told me to open my f*****g door and give me your f*****g wallet I know loaded got money on you. I drove off and was on the phone with the police. I was scared and thought I was going to die. I belive Rayana was part of it. I belive she had me to come here so they could rob me.

After obtaining Marks's statement, Officer Dow prepared a probable cause affidavit, in which he attested:

> On noted date and time R/O [responding officer], along with assisting officers were dispatched to the area in reference to an attempted armed robbery. Upon arrival R/O learned from the victim that a girl, Rayna Fillios, and her boyfriend, Anthony Kennedy, had attempted to rob him. The victim also stated that Fillios had used his Uber services prior to this incident and gave him her phone number. On report date Fillios called him to come over, answered the door topless when he arrived, and after a brief conversation the victim attempted to leave as Fillios appeared to be teasing him. When he tried to leave Fillios grabbed him by the arms pulling him into

---

[1] According to Ms. Fillios, Officer Dow forged Marks's statement. She further alleges that Dow falsely indicated in the incident report that he had to transcribe the victim's statement because Marks suffers from dyslexia.

her bare chest, kissed him, and bit his tongue to distract him while Kennedy got into position.  The victim stated as soon as Fillios released him, Kennedy pulled a knife and ordered him to turn over his cash.  The victim refused and Kennedy struck him in the chin knocking out one of his teeth.  Kennedy fled the scene on foot to his residence nearby while Fillios stayed on location pretending as if she was not involved . . . .  Kennedy went to the hospital then [sic] both later transferred to the JPCC for booking.  Fillios has a stay-away order against Kennedy.[2]

The following day, on January 8, 2018, Chief Tim Walker of the Harahan Police Department issued a press release describing Fillios's arrest.  Mirroring the account presented in Officer Dow's probable cause affidavit, the press release describes Fillios as "topless" when she greeted Marks at the door and suggests that she attempted to distract Marks while Kennedy "got into position" to rob him.  Ms. Fillios alleges that the story of her arrest, as falsely represented by the Harahan Police Department's press release, went viral within hours of its dissemination.  Garnering national and international media attention, accounts of the story were published by various news outlets, including USA Today, the New York Post, the Daily Mail, and the Hindustan Times.

Ms. Fillios further alleges that, both before and after her arrest, Marks had told Officer Dow and other unidentified officers that Fillios had nothing to do with the attack perpetrated by

---

[2] Ms. Fillios also alleges that, despite attesting in his probable cause affidavit that she was "topless" when she answered the door, Officer Dow stated in a police report that Fillios was wearing a "bra and legging tight pants."

Kennedy. And, while the matter was being investigated, Marks advised the Jefferson Parish District Attorney's Office that he personally drafted and signed his own handwritten statement and that the statement in the police file was *not* the one he had prepared. Marks clarified, however, that the content of the allegedly forged statement was correct, aside from two discrepancies: (1) Fillios bit his chin, rather than his tongue; and (2) he does not believe that Fillios was involved.

On August 19, 2018, Assistant District Attorney Emily Booth filed a Notice of Additional Information in Fillios's state court case to document Marks's conversation with the Jefferson Parish D.A.'s Office. The Notice provides:

1. Following the screening of this case, the victim, M.M., told Assistant District Attorney Ralph Alexis that, after contemplating what happened on the evening of the incident charged in this case, he did not think that Fillios was involved after all, despite what he told the police.

2. M.M. has advised th[e] undersigned that he never told the Harahan Police that he believed Fillios to be involved in this incident. M.M. denies making statements to ADA Alexis that he ever believed Fillios was involved. Regarding the written statement in this case, M.M. recalls writing out part of a statement that was shorter than the statement that is part of the police file in this case, which he signed with his signature and was given to the police. M.M. denies that the signature on the statement in the police file is his signature. As to the content of the statement in the police file (which is the written statement tendered in discovery), M.M. says that the content is all correct except for: (1) Fillios biting his tongue (M.M. says Fillios bit his chin) and (2) the portion of the statement suggesting that Fillios is involved (M.M. says

5

he does not think Fillios was not involved). M.M. denies that he has dyslexia or ever telling the officer that he has dyslexia.

3. M.M. advised the undersigned that, following the incident, he learned that Fillios was arrested when he called to follow up about the incident. M.M. advises that he spoke with the scene officer, at which point he asked why Fillios was arrested, telling the officer that he did not think Fillios was involved. M.M. stated that he was told that the police were called out on these people all the time, so both were arrested and the DA's office court sort it all out.

Four days later, the Jefferson Parish D.A.'s Office dismissed all charges against Fillios.

A few months later, on January 4, 2019, Rayna Fillios filed this 42 U.S.C. § 1983 civil rights lawsuit against the City of Harahan, the Harahan Police Department, Chief Tim Walker, Officer Michael Dow, and other unnamed officers of the Harahan Police Department. Fillios seeks to recover from the defendants for various constitutional violations underlying her § 1983 claims, including violations of her Fourth and Fourteenth Amendment rights; she also asserts Monell liability, as well as various state law claims including false arrest, false imprisonment, slander, defamation, and intentional infliction of emotional distress.[3] In particular, Ms. Fillios charges that:

---

[3] Her complaint alleges the following injuries: (1) permanent damage to reputation; (2) mental anguish and emotional distress; (3) inconvenience; (4) loss of past and future employment; and (5) embarrassment, humiliation, and fear. As a result of these injuries, she itemizes the following monetary damages: (1) loss of earnings; (2) past and future medical expenses; (3) past legal

- Officer Dow and unnamed police officers violated her Fourth and Fourteenth Amendment rights by including false statements in their affidavits of arrest to fraudulently manufacture probable cause for her arrest;
- Officer Dow, Chief Walker, and unnamed officers defamed her by falsely indicating through an official press release that she was "topless" when she greeted Marks at the door and that she was part of a ruse to facilitate an armed robbery of Marks;
- Officer Dow, Chief Walker, and unnamed officers intended to inflict emotional distress upon her when they falsely arrested her for a felony and then included "egregiously false statements" in a press release;
- The City of Harahan is independently liable to Fillios because her injuries and damages resulted from its failure to train, failure to supervise, and/or its negligent hiring and retention of the individual defendants; and
- The City of Harahan is liable for the acts of the individual defendants under respondeat superior.

On February 25, 2019, the defendants moved to dismiss the plaintiff's claims under Rule 12(b)(6), contending that: (1) the Harahan Police Department is not a juridical entity capable of being sued; (2) the plaintiff failed to state a claim for which relief can be granted against the remaining defendants under federal law; and (3) to the extent the Court dismisses the plaintiff's federal law claims, it should decline to exercise supplemental jurisdiction over her remaining state law claims. The defendants made two clerical errors in filing their motion to dismiss; they erroneously labeled the motion as an "ex

---

fees and expenses, including a $30,000 commercial bond, $5,000 in legal fees, and $3,000 in home supervision fees; and (4) expenses that may be incurred through her efforts to expunge her criminal record and obtain a legal name change.

parte/consent motion" and incorporated a request for oral argument as an exhibit to the motion. The Clerk of Court promptly remedied these errors. Accordingly, as of February 26, 2019, the docket sheet reflected that the motion to dismiss would be submitted on March 13, 2019, meaning that the plaintiff's opposition would be due no later than March 5, 2019. Because no memoranda in opposition to the motion had been submitted, in its Order dated March 7, 2019, the Court granted the defendants' motion to dismiss as unopposed, dismissed the plaintiff's claims without prejudice, and denied the defendants' request for oral argument as moot. Anticipating that the plaintiff might request leave to file an amended complaint, the Court declined to enter a final judgment at that time.

The following day, the plaintiff moved for reconsideration of the Court's March 7, 2019 Order and incorporated an opposition to particular aspects of the defendants' motion to dismiss. While the motion for reconsideration was pending, plaintiff's counsel filed a duplicate complaint in another Section of this Court.

I.

Rule 54(b) of the Federal Rules of Civil Procedure governs the plaintiff's motion for reconsideration; it states:

> **(b) Judgement on Multiple Claims or Involving Multiple Parties**. When an action presents more than one claim for relief whether as a claim, counterclaim, crossclaim, or third-party claim or when multiple parties are involved, the court may direct entry of a

8

final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay. Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

*A.*

Ms. Fillios asks the Court to reconsider particular aspects of its ruling; in that motion, plaintiff's counsel relates that he is a true solo practitioner who does not regularly receive CM/ECF notices generated in civil matters and, therefore, believed that the defendants' request for oral argument "vitiated" the notice of submission. The defendants urge the Court to deny the plaintiff's request for reconsideration pursuant to Rule 59(e) on the ground that Fillios fails to identify any new evidence or change in the law warranting reconsideration. Applying the more relaxed Rule 54(b) standard to the plaintiff's request for reconsideration, the Court finds that reconsideration of its March 7 ruling is appropriate.

A motion seeking reconsideration or revision of a district court ruling is analyzed under Rule 59(e), if it seeks to alter or amend a final judgment, or Rule 54(b), if it seeks to revise an interlocutory order. See <u>Cabral v. Brennan</u>, 853 F.3d 763, 766 (5th Cir. 2017) (determining that the district court's erroneous

application of the "more exacting" Rule 59(e) standard to an order

granting partial summary judgment was harmless error because the

appellant was not harmed by the procedural error).

Rule 54(b) authorizes a district court to "revise[] at any

time" "any order or other decision . . . that does not end the

action." Fed. R. Civ. P. 54(b); Austin v. Kroger Tex., L.P., 864

F.3d 326, 336 (5th Cir. 2017). Under this rule, the Court "is

free to reconsider and reverse its decision for any reason it deems

sufficient, even in the absence of new evidence or an intervening

change in or clarification of the substantive law." Austin, 864

F.3d at 336 (5th Cir. 2017) (citing Lavespere v. Niagara Mach. &

Tool Works, Inc., 910 F.2d 167, 185 (5th Cir. 1990), *abrogated on*

*other grounds*, Little v. Liquid Air Corp., 37 F.3d 1069, 1075 n.14

(5th Cir. 1994) (*en banc*)). Compared to Rule 59(e),[4] "Rule 54(b)'s

approach to the interlocutory presentation of new arguments as the

case evolves [is] more flexible, reflecting the 'inherent power of

the rendering district court to afford such relief from

interlocutory judgments as justice requires.'" Id. at 337 (quoting

Cobell v. Jewell, 802 F.3d 12, 25-26 (D.C. Cir. 2015) (internal

---

[4] Rule 59(e) "'serve[s] the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence,' and it is 'an extraordinary remedy that should be used sparingly.'" Austin, 864 F.3d at 336 (quoting Templet v. HydroChem Inc., 367 F.3d 473, 479 (5th Cir. 2004)).

citations omitted) (quoting <u>Greene v. Union Mutual Life Ins. Co.</u> <u>of Am.</u>, 764 F.2d 19, 22 (1st Cir. 1985) (Breyer, J.)).

*B.*

The "less exacting" Rule 54(b) governs Fillios's request for reconsideration because the Court's March 7 Order constitutes an interlocutory order, rather than a final judgment.

In granting the defendants' motion to dismiss as unopposed and dismissing the plaintiff's claims without prejudice, the Court contemplated the plaintiff's filing of an amended complaint in this action to remedy the deficiencies identified in the defendants' motion to dismiss. Instead, the plaintiff filed a duplicate complaint in another Section of this Court and moved this Court to reconsider particular aspects of its without-prejudice dismissal of her claims. In moving for reconsideration, the plaintiff concedes that certain claims advanced in her complaint lack merit and suggests that such claims should be dismissed with prejudice. Specifically, she concedes that: (1) her claims against Chief Walk3er and Officer Dow in their official capacities are duplicative of her claims against the City of Harahan; (2) she has failed to credibly develop a <u>Monell</u> claim against the City; and (3) the Harahan Police Department is not a juridical entity capable of being sued.

Thus, rather than reconsidering particular aspects of the Court's without-prejudice dismissal of the plaintiff's claims at

11

this time, the Court finds it appropriate for the plaintiff to file an amended complaint in the above-captioned matter. Such an amendment would remedy the convoluted procedural posture of this case without punishing the plaintiff for her counsel's oversight or prejudicing the defendants' ability to obtain a with-prejudice dismissal of the plaintiff's claims.

Accordingly, for the foregoing reasons, IT IS ORDERED: that the plaintiff's motion is GRANTED, only insofar as she requests reconsideration of this Court's March 7 ruling. IT IS FURTHER ORDERED: that this matter shall proceed pursuant to the following schedule:

(1) The plaintiff is to amend her complaint *in the above-captioned matter* within 7 days of this Order and Reasons. Failure to comply with this Order will result in a with-prejudice dismissal of all claims asserted in her original complaint.

(2) The defendants are to file a motion to dismiss directed toward the allegations asserted in the plaintiff's amended complaint within 14 days of the filing of such complaint.

(3) The plaintiff is to file an opposition to the defendants' motion to dismiss no later than 8 days prior to the noticed submission date. Failure to file a timely opposition to such motion will result in a with-

prejudice dismissal of all claims asserted in her original complaint.

New Orleans, Louisiana, March 26, 2019

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE